Mr. Tom Dalton, Director Arkansas Department of Human Services 329 Donaghey Building P.O. Box 1437 Little Rock, Arkansas 72203-1437
Dear Mr. Dalton:
This is in response to your request for an opinion on several questions relating to the practice of speech-language pathology and audiology. You note that under Arkansas law, a person may not perform speech-language pathology as defined by Arkansas law, or audiology as defined by Arkansas law, unless they are licensed by the State Board of Examiners in Speech-Language Pathology and Audiology ("Board"). You first ask whether the statute is violated if the following individuals perform activities that a licensed speech language pathologist or audiologist has determined are necessary:
1. Parents working on speech and language activities in the home?
 2. Teacher/aides working on language development/language arts activities in the public school?
 3. Educators of individuals who are deaf, para-professionals and peers who work on various modes of communication?
 4. Staff in community programs such as ABC, Headstart, daycare facilities, and Division of Developmental Disabilities Services (DDS) licensed facilities who carry out language development activities and activities designed to enhance listening, attending, communication or eating skills?
 5. Instructional staff in human development centers who work on language stimulation activities, eating activities, and computer skills?
You also ask whether any of the individuals above are subject to licensure by the Board and what if any action the Board could take against them if they are not licensed.
Many of these questions are answered in a previously issued opinion of this office. See Op. Att'y Gen. 93-362 (copy enclosed). The relevant law has not changed since the issuance of that opinion.[1] I will thus not undertake a detailed analysis of your questions, but will answer them in a summary fashion, making reference to the previously issued opinion.
The first part of your first question is not precisely answered by Opinion No. 93-362, but it is my opinion that parents working on speech and language activities in the home, as long as it is with their own children, would not be required to obtain a license from the State Board of Examiners in Speech-Language Pathology and Audiology.
Your question regarding teachers and teachers aides in the public schools is answered in Opinion 93-362 at page 5. Such individuals are exempt from licensure and regulation if the services are performed "solely within the confines or under the jurisdiction of a public school system if that person holds a valid and current certificate as a speech therapist or speech-language pathologist issued by the Department of Education." See
A.C.A. § 17-97-104(4) (Cum. Supp. 1993).
The remaining individuals listed in your first question are subject to regulation by the Board if they undertake the practice of speech-language pathology or audiology as defined in the statutes. See again Opinion93-362. The possible actions available to the Board for noncompliance include civil penalties and injunctive relief. See Opinion No. 93-362 at 4.
Your second question is as follows:
 Under the following parameters, may a person possessing a bachelors degree in speech pathology practice speech pathology in a human development center operated by DDS, regardless of their hire date, if they are under the supervision of a licensed speech-language pathologist?
 1. DDS possesses a valid school district designation and a school district number (19500) for the purpose of providing educational services to the 3 year to 21 year old population.
 2. DDS is the agency designated by the Governor as the lead agency for compliance with Part H of the Individuals with Disabilities Education Act (IDEA).
 3. The human development centers providing school age programs must comply with teacher certification standards as required by the Department of Education.
 4. An interagency agreement exists between DDS and the Department of Education for service delivery and due process procedures, as required by Part B of IDEA, for children 3 years old to 21 years old.
Under current law, the answer to your question appears to be "no." See
Opinion 93-362. This is true unless the individuals are state employees who were state employees as of January 1, 1993, or unless the human development center can be characterized as a "public school" for purposes of the exemption in A.C.A. 17-97-104(4). It is my opinion, although this may be a question of fact for a factfinder, that the legislature did not intend in its use of the term "public school," to include human development centers operated by DDS.
Your third question is as follows:
 Under the following parameters, may a person possessing a bachelors degree in speech pathology practice speech pathology in a community program that is licensed by DDS if they are under the supervision of a licensed speech-language pathologist?
 1. Licensed Community programs contract with local school districts to provide services to the 5 year old through 21 year old population receiving special education services.
 2. Licensed programs receive federal education funding on a yearly basis throughout the DHS consolidated contract.
 3. Licensed programs providing school age programs must comply with teacher certification standards as required by the Department of Education.
Under current law, the answer to your question is "no," unless the "community program" is operated "solely within the confines" of or "under the jurisdiction of" a public school. In my opinion a contractual arrangement with the public school is not sufficient to meet this test.See again Opinion 93-362 at 6.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There is currently a bill pending, however, to amend the relevant statutes. See SB 36 (80th General Assembly, 1995). The bill would amend A.C.A. § 17-97-104 to exempt from licensure certain state employees and certain employees of entities licensed or certified by DDS. The bill would also exempt from licensure a person who does not present himself as a speech-language pathologist or audiologist and who performs instructional activities designed and supervised by a licensed speech-language pathologist or audiologist to enhance communication skills. At the time of the issuance of this opinion, however, the bill has not become law.